AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| DASHAWN YOUNG <br><br> *Plaintiff(s)* <br> v. <br> CITY OF NEW YORK, <br> DETECTIVE NICHOLAS NEVE, TAX REG. # 939111, <br> SERGEANT RYAN HABERMEHL, TAX REG.#931713, <br> DETECTIVE DONNELL MYERS, TAX REG. # 934020, <br> SERGEANT STEPHEN CAFASSO, TAX REG. #927999, <br> DETECTIVE ROCK PEREIRA, TAX REG. 930932, SERGEANT <br> BRIAN GOSS, TAX REG# 930252, AND OTHER UNIDENTIFIED <br> NEW YORK CITY POLICE OFFICERS, INDIVIDUALLY <br> AND IN THEIR OFFICIAL CAPACITY, <br> *Defendants* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 14 CV 5770 (FB)(RER) |

## AMENDED
## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*




A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   EDWARD ZALOBA
118-21 QUEENS BOULEVARD, STE. 504
FOREST HILLS, NY  11375

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____                                          _____
                                                                                                                           *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DASHAWN YOUNG,

                         Plaintiff,                          Civil Action No.: 14CV5770

        -against-

                                                           AMENDED
                                                           COMPLAINT

                                                           JURY TRIAL DEMANDED

CITY OF NEW YORK,
DETECTIVE NICHOLAS NEVE, TAX REG. # 939111,
SERGEANT RYAN HABERMEHL, TAX REG.#931713,
DETECTIVE DONNELL MYERS, TAX REG. # 934020,
SERGEANT STEPHEN CAFASSO, TAX REG. #927999,
DETECTIVE ROCK PEREIRA, TAX REG. 930932, SERGEANT
BRIAN GOSS, TAX REG# 930252, AND OTHER UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY,
                                          **Defendants**
-----------------------------------------------------------------X

        Plaintiff by his attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

## PRELIMINARY STATEMENT

        1.      This is a civil action against the City of New York, CITY OF NEW YORK, DETECTIVE NICHOLAS NEVE, TAX REG. # 939111, SERGEANT RYAN HABERMEHL, TAX REG.#931713, DETECTIVE DONNELL MYERS, TAX REG. # 934020, SERGEANT STEPHEN CAFASSO, TAX REG. #927999,DETECTIVE ROCK PEREIRA, TAX REG. 930932, SERGEANT BRIAN GOSS, TAX REG# 930252, AND OTHER UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, false imprisonment, and violations of police and public duties and obligations.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiff further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3. These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY ($150,000.00) DOLLARS.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff requests a Jury Trial on claims herein.

## PARTIES

6. Plaintiff, DASHAWN YOUNG, is a resident of Queens, New York and was seventeen at the time of his arrest.

7. Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York. Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers involved herein.

8. Defendants, CITY OF NEW YORK, DETECTIVE NICHOLAS NEVE, SERGEANT RYAN HABERMEHL, DETECTIVE DONNELL MYERS, SERGEANT STEPHEN CAFASSO, DETECTIVE ROCK PEREIRA, SERGEANT BRIAN GOSS, AND OTHER

UNIDENTIFIED NEW YORK CITY POLICE OFFICERS are and were, at all times mentioned, Police Officers and/or employees of the City of New York. They are sued individually and in their official capacity.

9. Upon information and belief, Police Officers, whose identities and number are presently unknown to plaintiff, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the Police Department of the City of New York. These unknown officers will be sued individually and in their official capacity.

10. Upon information and belief, at all times and in all their actions described below, defendants were acting under color of state law and within the scope of their employment as police officers, agents, servants and employees of the City of New York and under the City of New York's supervision, direction and control.

11. That the acts of the defendants alleged herein, the constitutional deprivations of the plaintiff, occurred in the County of Queens, New York, in the State of New York.

## PENDANT STATE CLAIMS

12. That the Notice of Plaintiff's claims, the nature of the claims, and the date of, the time when, the place where and the matter in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on November 18, 2013.

13. A 50H hearing pursuant to Gen. Mun. §50-H was not held.

14. That more than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendant and the said defendants have neglected or refused to make any adjustments or payments thereof.

## STATEMENT OF FACTS COMMON TO PLAINTIFF AND ALL CAUSES OF ACTIONS

15. The Plaintiff resides in Queens County and was seventeen at the time of this arrest. Mr. Young is now 18 years of age.

16. On August 28, 2013, early in the afternoon, the plaintiff was seized in the

vicinity of 132-12 111th Avenue, in Queens County by the defendant Detective Neve and other unidentified police officers. Upon the defendant's seizure the plaintiff was unlawfully searched and plaintiff had his identification seized by the defendant officers.

17. The Plaintiff was cuffed and placed into an unmarked vehicle and taken to 109-44 133rd Street where plaintiff remained in the unmarked vehicle for a period of time.

18. Thereafter plaintiff was taken to a precinct in Queens County where plaintiff remained for a period of time until he was arrested for violation of P.L. §220.16, 265.03, and 220.50.

19. The plaintiff's initial seizure and subsequent arrest were conducted and performed by defendants and other unidentified officers all without probable cause.

20. Plaintiff was unlawfully detained for hours prior to his alleged commission of said crime.

21. That Defendant Neve and other defendants took plaintiff's identification and placed same inside the premises located at 109-44 133rd Street.

22. That thereafter, the defendants conspired and falsely alleged that plaintiff's identification was found inside said premises; and furthermore, they continued to conspire and falsely allege that the plaintiff was in possession of various contrabands found in the premises located at 109-44 133rd Street.

23. The defendants and other unidentified officers knew the charges to be false and meritless but caused plaintiff to be falsely arrested and unlawfully imprisoned.

24. The plaintiff was forced to appear before the criminal court of Queens County where bail was set and the plaintiff remained unlawfully incarcerated for approximately 30 days.

25. During plaintiff's incarceration, the defendant Neve and other defendants and other unidentified officers entered Rikers island, and caused conversations regarding the case (and other matters) to occur in violation of Plaintiff's right to counsel.

26. When plaintiff was released from prison, the defendant and other unidentified officers continued to stop and search the plaintiff on numerous occasions all without probable cause in violation of the plaintiff's rights.

27. The defendants and other identified officers caused false documents and reports to be prepared and received by both the court and prosecutor's office.

28. The Plaintiff's matter was dismissed and sealed on May 19, 2014.

29. The Plaintiff was wholly innocent of all charges.

30. The Plaintiff was maliciously prosecuted and forced to appear in court on numerous occasions for over six months as the defendant and other unidentified officers continued their conspiracy.

31. As a result of the Defendants' conduct, the plaintiff was caused to be unlawfully imprisoned for approximately 30 days, causing interference with his education, caused to suffer emotional distress and suffered other injuries as a result of the defendant's violation of his civil rights under both the United States and New York Courts.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS §1983

32. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

33. The conduct and actions of Defendants and other unidentified New York City Police Officers, under color of state law and acting without probable cause, justification, or otherwise privilege, subjected plaintiff to false arrest against plaintiff's will, and plaintiff was conscious of said confinement and, was done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

(a) Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

(b) Plaintiff was deprived of his Fourth Amendment constitutional right to be free from an unreasonable seizure of his person;

(c) Plaintiff was deprived of his Fourth Amendment right to be free from unreasonable seizures of plaintiff's property;

(d) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without

due process of law;

(e) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

(f) Plaintiff was deprived of his Sixth Amendment Rights to counsel as said defendant officers violated said rights.

34. As a result of the defendant's conduct, plaintiff was falsely arrested, deprived of liberty, sustained emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS - MONELL (STATE & FEDERAL)

35. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

36. At all times materials to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the NEW YORK CITY POLICE DEPARTMENT, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

37. The aforementioned customs policies, uses, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

38. The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

39. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

40. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

41. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person, etc., and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of his civil rights.

42. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

43. That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

44. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. When officers fabricate charges

against citizens, minors to control and punish said person to the upward mobility of the officers within ranks is accomplished. This conduct of conscious disregard of innocence and lack of probable cause is open and notorious. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

45. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

46. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. All of the following matters contained allegations of false arrest and unlawful imprisonment by the defendant New York City police officers:  **Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771, Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos , Escobar 08 CV 1456, Cabral Duarte 06 CV 5523, Theodore Richardson 07CV 3651.**  These matters were settled by the Defendant NYC. A multitude of similar matters could be cited if necessary. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled.  Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

47. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

    (a)    Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

    (b)    Has failed to properly train, instruct, and discipline police officers with regard to their violation of civil rights;

    (c)    Has failed to properly instruct, and discipline police officers with regard to their fabrication of charges against innocent persons;

    (d)    Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(e) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(f) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(g) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

48. Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

49. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

50. Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

51. The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

52. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

53. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS FOR A THIRD CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

54. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

55. The Defendant officers' issued legal process to place plaintiff under arrest and file false charges.

56. Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

57. The Defendant officers' acted with intent to do harm to plaintiff without excuse or justification.

58. The Defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

59. As a result of Defendants' conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## NYS CONSTITUTIONAL VIOLATIONS

60. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

61. Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of her rights, privileges and immunities:

(a) Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and 9 of the

        Constitution of the State of New York;

(b)    Plaintiff was deprived of his rights to be free unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

(c)    Plaintiff was deprived of his rights to be free from the use of excessive or unreasonable force in the course of an unlawful seizure, in violation of § 12 of the Constitution of the State of New York;

(d)    Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

62.    As a result of the defendants' conduct, **DASHAWN YOUNG** was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## FALSE ARREST

63.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein

64.    By the actions described above, the defendant Neve, and other defendants, falsely caused the arrest of plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The seizure and arrest of plaintiff was without his consent and without legal justification. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff.

65.    As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## NEGLIGENCE

66.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth

set forth herein.

  67. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

  (a) failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure and arrest where the officers fabricated the charges;

  (b) failed to perform their duties as reasonable and prudent officers where plaintiff was seized without probable cause and the defendant officer and other unidentified officers consciously conspired to bring false charges.

  (c) failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful seizure or subsequent unlawful arrest and imprisonment.

  (d) hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to conspire against innocent persons where said officers would conspire and falsely arrest persons when said arrests of plaintiffs were unreasonable and without probable cause under the facts and circumstances existing;

  (e) failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to the existence of probable cause, and as to the obligation of police officers to intervene, as an affirmative duty to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

  (f) failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

  68. Defendant officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff. The acts and conduct of the defendants were reasonably foreseeable, and were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

  69. All of these acts were performed without any negligence on the part of the plaintiff and were the proximate cause of injuries to him.

70. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, UNLAWFUL IMPRISONMENT

71. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein

72. By the actions described above, the defendants and other unidentified New York City Police Officers, intended to confine plaintiff and did cause plaintiff to be falsely imprisoned without reasonable cause or probable cause, illegally and without a warrant and without any right or authority to do so. The plaintiff was imprisoned for approximately 30 day and said confinement was not privileged. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff.

73. Plaintiff was conscious of and did not consent to his confinement.

74. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein.

76. By the actions described above, the defendants and other unidentified New York City Police Officers, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to plaintiff.

77. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A NINTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## FAILURE TO INTERVENE

78. Plaintiff repeats, reiterates and incorporates by reference each and every allegation

contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

79. Each and every individual defendant officer and unidentified officers had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights.

80. The individual defendant officers failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

81. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and unlawful imprisonment.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT HIRING AND RETENTION,

82. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

83. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment of Plaintiff.

84. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants and other unidentified New York City Police Officers, to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CLAIM FOR RELIEF UNDER NY STATE LAW NEGLIGENT TRAINING AND SUPERVISION,

85. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

86. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the

seizure, arrest and imprisonment of the plaintiff.

### AS AND FOR A TWELVTH CAUSE OF ACTION
### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
### FOR STATE LAW VIOLATIONS

87. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

88. The conduct of the defendants and other unidentified New York City Police Officers alleged herein, occurred while they were on duty in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant CITY OF NEW YORK. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

89. As a result of the foregoing, plaintiff was deprived of his constitutional rights, unlawfully arrested and imprisoned and sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF,
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 USC §1983 AND THE FOURTH AMENDMENT VIA
### MALICIOUS PROSECTUION

90. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

91. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

92. That said malicious prosecution was initiated by the defendants, their agents, servants

and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights. The malicious prosecution ceased when the matter was dismissed and sealed on May 17, 2014.

93. That defendants and other unidentified New York City Police Officers swore falsely as to the alleged criminal actions attributed to plaintiff and caused him malicious prosecution to be commenced and continued.

94. That the defendants misrepresented and falsified evidence before the District Attorney.

95. That the defendant(s) did not make a complete and accurate statement of facts to the prosecutor.

96. That defendants withheld exculpatory evidence from the District Attorney.

97. That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

98. That the defendants acted with malice to initiate criminal proceedings against the plaintiff.

99. That the defendants were directly and actively involved in the construction of the criminal proceeding against the plaintiff.

100. That defendants acted with malice in their continuation of said false charges.

101. That defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

102. Notwithstanding the prejudice and fraudulent conduct of the defendant, the criminal proceeding were terminal in plaintiff Young's favor and all charges against him were dismissed.

103. That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their

affirmative duty to intervene.

## VICARIOUS LIABILITY

104. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

105. The defendants' employed by NYC Police Department an agency of the Defendant City of New York unlawfully seized arrested and imprisoned, plaintiff therefore under doctrine of vicarious liability, the defendant City of New York is libel for all acts occurring after and during the illegal and unlawful arrest and imprisonment.

106. As a result of the foregoing, plaintiff was assaulted, falsely arrested and unlawfully imprisoned and plaintiff sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

**WHEREFORE**, in consideration of each and every claim the plaintiff demands judgment :

A. Compensatory damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

B. Punitive damages in the amount of TWO MILLION ($1,000,000) DOLLARS;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
March 5, 2015

Yours, etc.,

_Edward Zaloba_
EDWARD ZALOBA, Esq.
Attorneys for Plaintiff
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| DASHAWN YOUNG <br><br> *Plaintiff(s)* <br> v. <br> CITY OF NEW YORK, <br> DETECTIVE NICHOLAS NEVE, TAX REG. # 939111, <br> SERGEANT RYAN HABERMEHL, TAX REG.#931713, <br> DETECTIVE DONNELL MYERS, TAX REG. # 934020, <br> SERGEANT STEPHEN CAFASSO, TAX REG. #927999, <br> DETECTIVE ROCK PEREIRA, TAX REG. 930932, SERGEANT <br> BRIAN GOSS, TAX REG# 930252, AND OTHER UNIDENTIFIED <br> NEW YORK CITY POLICE OFFICERS, INDIVIDUALLY <br> AND IN THEIR OFFICIAL CAPACITY, <br> *Defendants* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 14 CV 5770 (FB)(RER) |

## AMENDED
## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   EDWARD ZALOBA
   118-21 QUEENS BOULEVARD, STE. 504
   FOREST HILLS, NY  11375

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
                                *Signature of Clerk or Deputy Clerk*